UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PATRICK GUILLORY,

                Plaintiff,

    v.                                              **DECISION AND ORDER**
                                                          12-CV-847S(F)

CRAIG SKELLY et al.,

                Defendant.

        1.      Plaintiff commenced this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 in September 2012. On September 5, 2014, Defendants moved for summary judgment dismissing the complaint. This matter was subsequently referred to the Honorable Leslie G. Foschio, United States Magistrate Judge, to oversee all pre-trial matters and to hear and file a report and recommendation containing findings of fact, conclusions of law and a recommended disposition of any dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).

        2.      In a Report, Recommendation and Order dated July 14, 2015, Judge Foschio recommended that Defendants' motion be granted in part and denied in part. Pursuant to 28 U.S.C. § 636(b)(1)(C), any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen days after being served with a copy. Local Rule of Civil Procedure 72(b) further requires that written objections to a magistrate judge's report "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." After *de novo* review of those portions of the report and recommendation to which proper objections are made, a district court "may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See 28 U.S.C. § 636(b)(1)(C); United States v. Gardin, 451 F. Supp. 2d 504, 506 (W.D.N.Y. 2006). Plaintiff timely filed objections to Judge Foschio's Report and Recommendation on July 27, 2015.

        3.      Plaintiff first objects to the recommended dismissal of his First Amendment retaliation claim. Plaintiff claims that Defendants Skelly and Hannah planted contraband on him during a pat-down on July 6, 2012, resulting in disciplinary action. These Defendants were allegedly retaliating against Plaintiff for filing a complaint on July 5, 2012, regarding non-party C.O. Murphy, who stole Plaintiff's copy of the Constitution. Plaintiff argues that the Magistrate Judge erred by relying on Wright v. Goord to conclude that dismissal of a retaliation claim is warranted where "the only individuals named in an inmate's internal complaint pertained to others who were not alleged to have participated in the event of which the inmate plaintiff complained." (R&R, Docket No. 171 at 17); see Wright v. Goord, 554 F.3d 255, 274 (2d Cir. 2009). To the extent that this statement can be interpreted as concluding that dismissal is warranted solely on the fact that the alleged retaliatory act was carried out by a person not named in the grievance or similar protected activity, such a conclusion would be error. Instead, dismissal was appropriate in Wright because there was no evidence from which a rational juror could conclude that the defendants knew of and took retaliatory action due to a plaintiff's letter that, in addition to not discussing any named defendant, was written ten weeks prior to the retaliatory act and sent to a district attorney outside the prison system. Wright, 554 F.3d at 274. Further, although the timing and wording of Plaintiff's July 5, 2012 letter, which expressly references retaliation, raise a credibility issue as argued by Defendants, (Docket No. 112 at 9-11),

resolution of that credibility issue is improper on a motion for summary judgment. Defendants' motion is therefore denied with respect to Plaintiff's retaliation claim against Defendant Hannah and Skelly.

    4.   Plaintiff next objects to Judge Foschio's conclusion that the evidence supporting his Eight Amendment excessive force claim was " 'too thin' and thus 'insufficient with respect to both the objective and subjective components' " of such a claim. (Docket No. 171 at 20 (quoting Wright v. Goord, 554 F.3d at 269).) However, Plaintiff testified at his deposition that on July 16, 2012, while escorting Plaintiff back to his cell after a disciplinary hearing, Defendant Skelly choked Plaintiff from behind while the latter was handcuffed. Plaintiff further testified that Defendant Hannah punched him in his ear, following which he was told to dismiss his lawsuits against the state. (Pl's Dep at 62-68, Docket No. 142 (manual filing) Ex K.) Thus, although the evidence is thin, this is nonetheless a case where "dismissal of the excessive force claim [i]s inappropriate because there are genuine issues of material fact concerning what transpired [while] appellant was handcuffed and whether the guards maliciously used force against him." Griffin v. Crippen, 193 F.3d 89, 91 (2d Cir. 1999) (malicious use of force to cause harm constitutes a constitutional violation whether or not a significant injury is evident); see also Pelayo v. Port Auth., 893 F. Supp. 2d 632, 642 (S.D.N.Y. 2012) (plaintiff's testimony alone can support an excessive force claim on summary judgment) (citing Mickle v. Morin, 297 F.3d 114, 121-22 (2d Cir. 2002)). Defendants' motion must therefore be denied with respect to Plaintiff's excessive force claim.

    5.   This Court has considered the Magistrate Judge's recommendations to deny Defendant's motion to dismiss for failure to exhaust administrative remedies, but grant

dismissal of Plaintiff's Eighth Amendment conditions of confinement and Fourteenth Amendment Due Process claims, to which no specific objections were raised. Finding no clear error, those portions of the Report and Recommendation are accepted.

IT HEREBY IS ORDERED, that Judge Foschio's Report and Recommendation (Docket No. 171) is ACCEPTED in part and VACATED in part as stated above;

FURTHER, that Plaintiff's Objections to the Report and Recommendation (Docket No. 172) are GRANTED;

FURTHER, that Defendant's Motion for Summary Judgment (Docket No. 106) is GRANTED in part and DENIED in part as stated above;

FURTHER, that the Clerk of the Court shall terminate all Defendants except Defendant Skelly and Defendant Hannah.

SO ORDERED.

Dated: November 2, 2015
       Buffalo, New York

                                                    /s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                United States District Judge